IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM K. KENNEDY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.   05-5186 |
| | : | |
| v. | : | |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

<u>MEMORANDUM</u>

BUCKWALTER, S. J.                                                                                    September 25, 2006

      Presently before the Court is Plaintiff's Objections to Report and Recommendation of United States Magistrate Judge Timothy R. Rice.  For the reasons set forth below, Plaintiff's objections are overruled, and the Magistrate Judge's Report and Recommendation is approved and adopted.

**I.   DISCUSSION**

      After analyzing the reproduced record, the Administrative Law Judge's ("ALJ") opinion, the Magistrate Judge's Report and Recommendation, and Plaintiff's Objections, the Court finds that summary judgment is appropriately entered on behalf of Defendant.

      Plaintiff's objections are:  (1) the ALJ failed to explain his reasons for rejecting Plaintiff's testimony concerning his psychological problems, (2) the ALJ failed to properly determine if the Plaintiff's drug and alcohol abuse is a result of his psychological problems or is a separate illness, (3) the ALJ's hypothetical question was improper because it assumed that the

Plaintiff could lift ten pounds, (4) the Magistrate Judge failed to remand the case for consideration of Dr. Richardson's note, and (5) the ALJ failed to fully develop the record by not ordering additional x-rays and erred by crediting the vocational expert's testimony.

### A. The ALJ did explain his reasons for partially rejecting Plaintiff's testimony

Plaintiff argues that the ALJ failed to explain why he rejected the Plaintiff's testimony regarding his psychological problems. Also, the Plaintiff contends that the Magistrate Judge went beyond the Court's reviewing function because he stated independent findings why the ALJ only partially credited the Plaintiff's testimony.

The ALJ did not specifically state that he was rejecting the Plaintiff's testimony regarding his psychological problems. However, the ALJ did specifically state that he was not persuaded by Dr. Herman's opinion because it was based solely on the Plaintiff's "subjective account of his condition." (R. 36). The ALJ noted that while Dr. Herman accepted the Plaintiff's statement that he had no friends; the Plaintiff testified at the hearing that he had a girlfriend. (R. 36). The previous statements are two examples of numerous inconsistencies made by the Plaintiff and contained in the record. The inconsistencies present substantial evidence why the ALJ rejected the Plaintiff's testimony concerning his psychological problems. Thus, the Plaintiff's objection is without merit.

Next, the Magistrate Judge did not go beyond the Court's reviewing function when he stated independent findings because the medical reports and inconsistent statements

were all included in the record[1]. Moreover, the Magistrate Judge included in his Report and Recommendation the inconsistencies pointed out by the ALJ in his decision.[2]  Thus, the Plaintiff's claim that the Magistrate Judge went beyond the Court's reviewing function is without merit.

### B.    The ALJ properly evaluated Plaintiff's drug and alcohol abuse

Plaintiff argues that the ALJ failed to determine whether the Plaintiff's drug and alcohol abuse is caused by his underlying psychological problems or is a separate illness. However, the ALJ stated in his decision that he found Dr. Saul's opinion[3]  more consistent with the medical evidence and primarily based his findings on Dr. Saul's opinion.  (R. 36). Specifically, Dr. Saul testified that the Plaintiff's admissions to Belmont[4] involved substance abuse as a significant factor in Plaintiff's psychological problems.  (R. 297-298).  Therefore, the ALJ properly determined that the Plaintiff's psychological problems were largely due to the Plaintiff's substance abuse problems.  Moreover, this determination was supported by substantial evidence, Dr. Saul's testimony.  Thus, the Plaintiff's objection is without merit.

---

1. The Plaintiff specifically objects to the Magistrate Judge's reporting of the varying accounts the Plaintiff gave about who stabbed him.  However, the record contains each of these accounts:  (1) Plaintiff stated that his wife stabbed him (R. 287-288); (2) Plaintiff told WES that his girlfriend stabbed him (R. 250); (3) Plaintiff told Dr. Rothkopf he was attacked, stabbed, and robbed coming from a bar (R. 205).

2. See Report and Recommendation page 18.

3. Dr. Saul testified at the Plaintiff's Disability Hearing.  Dr. Saul testified as a neutral psychiatric expert and based his opinion on the Plaintiff's medical evidence.  (R. 295-301).

4. Belmont is a comprehensive treatment center.  (R. 221).

      C.    **The ALJ's hypothetical question was proper**

Plaintiff argues that the ALJ's hypothetical question was improper because it assumed the Plaintiff could frequently lift ten pounds. However, the ALJ's hypothetical question was proper because contradictory medical evidence is contained in the record.[5]

The following is contradictory medical evidence contained in the record. As part of the process to receive social security disability benefits, R. Ruolta's[6] evaluated medical evidence and other relevant evidence and determined the Plaintiff could frequently lift and carry 25 pounds. (R. 212). As a continuation of the process to receive social security disability benefits, the Plaintiff was asked to fill out a Disability Report Adult Form dated October 21, 2002. (R. 123-132). On this form, the Plaintiff checked the box marked frequently lift 50 pounds or more. (R. 125). Additionally, the record contains another Disability Report Adult Form also dated October 21, 2002 which the Plaintiff checked the box marked frequently lift 10 pounds. (R. 133-142, 135).

Finally, it is clear from the record that there was substantial contradictory medical evidence present and thus, the ALJ's hypothetical question was proper.

      D.    **Magistrate Judge did not err by excluding Dr. Richardson's Note**

The Plaintiff argues that the Magistrate Judge erred by excluding Dr. Richardson's note because the Magistrate Judge confused the dates of Dr. Richardson's medical notes. The

---

5. "Limitations that are medically supported, but contradicted by other evidence, may or may not be credited by the ALJ and included in the hypothetical question." See Report and Recommendation at 25 *citing* <u>Rutherford v. Barnhart</u>, 399 F.3d at 546, 554 (3d Cir. 2005).

6. R. Ruolta is the individual from the social security administration that evaluated all the relevant medical evidence and other evidence and filled in the Physical Residual Functional Capacity (RFC) Assessment form. The RFC form is the most a claimant can still do despite the claimant's limitations. 20 C.F.R. § 416.945 (2006).

Plaintiff is correct the Magistrate Judge did confuse the dates. However, his confusion of the dates does not warrant a remand of the case because Dr. Richardson's note is not material evidence.[7]

In this case, Dr. Richardson's note would not have changed the ALJ's determination, Plaintiff is not under a "disability" as defined in the Social Security Act , because there remains substantial evidence to support the ALJ's determination.[8]

### E. The ALJ did fully develop the record

The Plaintiff argues that the ALJ failed to fully develop the record because he did not follow Dr. Koff's advice and order more x-rays. Additionally, the Plaintiff argues that the testimony of the vocational expert is not credible because the Plaintiff would not be working in a solitary environment.[9]

First, the ALJ did fully develop the record and explain why he was not ordering additional x-rays. Specifically, the ALJ stated that there was no need to return the Plaintiff's x-ray to Dr. Koff for review because Dr. Koff was not the Plaintiff's treating physician. (R. 35). The ALJ further explained that the evidence from the Plaintiff's treating physician did not

---

7. In order to warrant a new evidence remand based on materiality, the plaintiff must show "that there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination." Szubak v. Sec'y of Health and Human Services, 745 F.2d 831, 833 (3d Cir. 1984); 42 U.S.C. §405(g).

8. The substantial evidence includes:
Testimony of Plaintiff (R. 287-295;315-316)
Testimony by Dr. Saul, Psychiatrist (R. 297-301).
Testimony of Patricia Scutt, Vocational Expert (R. 300-314).
Belmont Center for Comprehensive Treatment Records (R. 221-230).
Medical Records (R. 164-268)
Application for Supplemental Security Income plus additional Social Security Paperwork (R. 113-115; 123-150; 153-161)

9. The vocational expert testified that the Plaintiff would be qualified to work as a small parts assembler or an inventory clerk. (R. 305).

indicate that there would be serious residual effects to the Plaintiff's lung. (R. 35). Lastly, the ALJ discussed that the medical treatment of the Plaintiff's lung since the stabbing shows that the impairment is only moderately severe and that the Plaintiff has resumed normal activity with the help of medication. (R. 35). It is clear from the record that the ALJ had substantial evidence in support of his decision to not order additional x-rays. Therefore, the Plaintiff's objection is without merit.

Next, the testimony of the vocational expert is credible because the hypothetical question submitted to the vocational expert properly considered the credible limitations of the Plaintiff as determined by the ALJ.[10] (R. 303). The Plaintiff's argument that he must work in a completely solitary environment is without merit because the ALJ had substantial evidence to support his determination that the Plaintiff could have "occasional ability to interact with co-workers and supervisors." (R. 303). The ALJ's substantial evidence consisted of the Plaintiff testimony that he attends "meetings"[11] and had a girlfriend. (R. 291; 293). Thus, the vocational expert's opinion about jobs the Plaintiff was capable of performing was proper and credible.

## II.  CONCLUSION

For the reasons stated above, the Court approves and adopts the Magistrate Judge's Report and Recommendation. An appropriate order follows.

---

10. Hypothetical Question: An individual could lift 20 pounds occasionally, 10 frequently. Could stand and/or walk for a total of 6 hours in an 8 hour day. Could sit for a total of 6 hours in an 8 hour day. Must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. Also must avoid concentrated exposure to temperature extremes, wetness, humidity. And the following mental assumptions are no complicated tasks. Simple decision making only. Requires a low stress work environment. Requires a stable work environment in which there are no more than occasional changes in tools, procedures, and work settings. Occasional ability to interact with co-workers and supervisors. No ability to interact with the public. Occasional lapses in concentration. (R. 303).

11. The meetings are at Belmont Center for Comprehensive Treatment where he attends treatment as an outpatient and AA meetings. (R. 291).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM K. KENNEDY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.  05-5186 |
| | : | |
| v. | : | |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 25th  day of September, 2006, upon consideration of Plaintiff's Motion for Summary Judgment (Docket No. 8), the Report and Recommendation of the Chief United States Magistrate Judge Timothy R. Rice (Docket No. 12),  Plaintiff's Objections thereto (Docket No. 14), and a careful review of the entire record, it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**.  Judgment is entered on behalf of Defendant and against Plaintiff.  This case is now **CLOSED**.

BY THE COURT:


 *s/ Ronald L. Buckwalter, S. J.*
 RONALD L. BUCKWALTER, S.J.